Battle, J.
 

 A covenant is defined to be “ the agreement
 
 *531
 
 or consent of two, or more, by deed in writing, sealed and delivered; whereby, either, or one of the parties, doth promise to the other, that something is done already, or shall be done afterwards. And he that makes the covenant is called the covenantor, and be to whom it is made, the covenantee.” Shep. Touch. 160. (20 Law. Lib. 293.)
 

 It seems to be clearly implied by this definition, that the two or more persons, whose agreement or consent is thus manifested by a deed, must be named in it, and we are not aware of any respectable authority to the contrary. A cove-nantee is as necessary to be named in a deed of covenant, as a grantee is in a deed of grant; and in the latter, it is well known that the grant will not operate where there is no named grantee, except in the case of a dedication of land to the use of the public, where the instrument, or act of the owner, takes effect
 
 ex necessitate rei j
 
 otherwise, the public could not have the use of the land, for the want of a grantee to take it. See
 
 Reeves
 
 v. Dudley, 3 Jones’ Eq. Rep. at p. 136, and the cases there cited.
 

 An instrument, sealed by one party and not the other, may be a covenant as to the first, and only a written promise by the second. 1 Ch. Pl. 119. “But, (says Mr. Chitty), it appears to be essential that the party claiming the benefit of the covenant, shall be named therein as the covenantee.”
 

 If this be law, as we think it is, it sustains the form of the plaintiff’s action, and is a complete answer to to the defendant’s first objection.
 

 The second ground of defense is equally-untenable. An agreement in writing, though not under seal, requires two or more parties to it, and it seems to us, that they must be named in it to make it a complete written contract. If only one of the parties be named, then, as to the other, the contract is by parol, and as one of the essential parts of it, as a contract, must be proved by parol, we see no reason why all the terms should not be proved in the same manner. This is not a case within the statute of frauds, which makes a c ontract sufficient to bind the party who has signed a written note, or memor
 
 *532
 
 andum of it. But if it were, -we have never understood that the other party need not be named in it. In the case of
 
 Miller
 
 v. Irvine, 1 Dev. and Bat. Rep. 103, this Court decided against the opinion of one of the Judges, that the statute of' frauds, in the cases coming within’ its provisions, did not require the consideration of the contract to be set forth in the note or memorandum; but the whole argument in the opinion delivered, goes to show that nothing else essential to the contract could be safely omitted.
 

 Per CuRiAM, There is no error. Judgment affirmed.